DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Jerry Barker, appeals from the judgment of the Lorain County Court of Common Pleas finding him guilty of domestic violence under R.C. 2919.25(A). We affirm.
 {¶ 2} On August 7, 2003, Defendant was indicted by the Lorain County Grand Jury on one count of domestic violence, a violation of R.C. 2919.25(A). A jury trial ensued. The jury returned a guilty verdict on the sole count of the indictment. On January 9, 2004, Defendant was sentenced to six months at the Lorain Correctional Institution. Defendant appealed his conviction, presenting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred to the prejudice of [Defendant] in violation of Criminal Rule 29 Article One Section Ten and Section Sixteen of the Ohio Constitution and the Due Process Clause of the Constitution of the United States when it denied [Defendant's] motions for acquittal."
 ASSIGNMENT OF ERROR II
"The trial court erred to the prejudice of [Defendant] when it entered judgment of conviction, where such judgment was against the manifest weight of the evidence."
 {¶ 3} In his two assignments of error, Defendant alleges that the jury's verdict was supported by insufficient evidence as a matter of law and that it was against the manifest weight of the evidence. Specifically, Defendant claims that the evidence presented by the state was insufficient to prove beyond a reasonable doubt that Defendant engaged in domestic violence. We find that Defendant's assertions lack merit.
 {¶ 4} As an initial matter, this court notes that the sufficiency and manifest weight of the evidence are legally distinct issues. State v. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 23, citing State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3.
 {¶ 5} A claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law. Thompkins, 78 Ohio St.3d, at 386. In reviewing a challenge to the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v. Clemons,82 Ohio St.3d 438, 444, 1998-Ohio-406, citing Jenks, at 61 Ohio St.3d at 273.
 {¶ 6} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Gully,
supra, at 3, citing Thompkins, 78 Ohio St.3d at 390. (Cook, J., concurring). When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier or fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 7} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility.Sykes Constr. Co. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5-6.
 {¶ 8} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. Cuyahoga Falls v.Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19374 and 19735, at 5.
 {¶ 9} Defendant in this case was convicted of domestic violence in violation of R.C. 2919.25(A). To convict Defendant of domestic violence, the State must have proven that he "knowingly caus[ed] or attempt[ed] to cause physical harm to a family or household member." R.C. 2919.25(A). This court does not find that the jury acted against the manifest weight of the evidence in finding that Defendant was guilty of domestic violence.
 {¶ 10} On June 10, 2003, the victim, then six years old, was at home with his parents, Defendant and Rebecca Johnson, in Lorain County, Ohio. He was on summer vacation and was playing outside.
 {¶ 11} Defendant was sitting outside drinking vodka. The victim testified that he had been playing in the yard and he picked up a buckeye. He said that he had tried to throw the buckeye over his dad's (the Defendant's) head. He missed and accidentally hit Defendant in the head. The victim stated that he was scared of his father and ran away when he saw that he had hit him.
 {¶ 12} Defendant got up and ran after the victim. The victim ran from their front yard, jumped over a fence and ran into a neighbor's back yard. He tried to run to his clubhouse, but Defendant caught him and pushed him down and kicked him. The victim testified that he had a few bruises from where his father had pushed him down and kicked him.
 {¶ 13} Kimberly Russo testified that she used to live next door to the victim and Defendant. Her children and the victim used to play together. She testified that on June 10 she saw the victim run into her back yard. She saw that he was on the ground trying to cover himself and he was screaming. She witnessed Defendant kick the victim. Then she saw Defendant run and jump over her fence back to his yard.
 {¶ 14} Russo told the crying victim to come into her house. She asked him what had happened. The victim told her that he had accidentally hit his dad with a buckeye and his dad got mad and chased him and then kicked him.
 {¶ 15} Deputy Josh Croston testified that he was on duty on June 11, 2003, and that he and Deputy Gawlick were called to the Defendant's house on a reported disturbance. They found Defendant passed out on his back on the front porch. Deputy Croston called for an ambulance. Defendant then sat up. He was wobbly and slurring his speech; the deputies concluded that he was drunk. Deputy Croston testified that during his investigation he learned of the buckeye situation between Defendant and the victim the day before.
 {¶ 16} Deputy Gawlick went next door to find the victim. He noticed the bruises on the victim's legs. The two deputies investigated the incident and issued a report. Detective Carl Yost of the Lorain County Sheriff's Department received a referral from the deputies concerning the victim. He investigated the referral and took photos of the victim's legs. Detective Yost testified that he saw the bruises on the victim's legs.
 {¶ 17} Upon a careful review of the record, and upon viewing the evidence in the light most favorable to the prosecution, this court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found defendant guilty of domestic violence. See Otten, 33 Ohio App.3d at 340. A reasonable juror could have found that Defendant exceeded his parental right to administer corporal punishment and that he was guilty of domestic violence.
 {¶ 18} The trial court gave the jury the instruction on the affirmative defense of corporal punishment, noting that it was for the jury to find whether or not the punishment was reasonable and/or proper. The jury concluded that Defendant exceeded the bounds of what qualified as a reasonable and proper punishment for a six year old when he chased him into a neighbor's back yard, pushed him and kicked him.
 {¶ 19} Defendant contends that the evidence presented was not reliable, credible or sufficient to convince the jury of his guilt. The jury in this case had the opportunity to view the witnesses' testimony and judge their credibility. In a jury trial, matters of credibility of witnesses are primarily for the trier of fact, therefore, we must give deference to the jurors' judgment. See State v. Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118, at 13; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. We will not overturn the verdict on a manifest weight challenge simply because the jury chose to believe the evidence offered by the prosecution. State v.Merryman, 9th Dist. No. 02CA008109, 2003-Ohio-4528, at ¶ 28. See, also, State v. Warren (1995), 106 Ohio App.3d 753, 760. The evidence persuades us that the jury neither lost its way nor created a manifest miscarriage of justice in convicting defendant of domestic violence.
 {¶ 20} Having found above that the weight of the evidence supports Defendant's conviction, any issues concerning sufficiency of the evidence must be similarly disposed of. SeeRoberts, supra, at 8. Accordingly, Defendant's first and second assignments of error are overruled.
 {¶ 21} Defendant's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Boyle, J., Concur.