JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant John Williams appeals from his conviction after a jury trial for the fifth-degree felony offense of domestic violence and the ten-month prison sentence subsequently imposed by the trial court.
 {¶ 2} Appellant argues that his conviction is supported by neither sufficient evidence nor the weight of the evidence, that his trial counsel rendered constitutionally ineffective assistance, and that the trial court failed to justify the sentence it chose.
 {¶ 3} Following a thorough review of the record, this court agrees with only appellant's last argument. Therefore, his conviction is affirmed, but his sentence is reversed and this case is remanded for the limited purpose of holding a resentencing hearing in accord with the requirements set forth inState v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 4} Appellant's conviction results from his relationship with the victim. They had lived together for a period of thirteen years, and the record reflects the relationship occasionally had been violent.[1] On the victim's birthday of August 2, 2003, appellant chose not to attend the party the victim gave for herself. Instead, he went to another person's home for the evening. Both appellant and the victim drank some alcohol during their time apart.
 {¶ 5} Appellant returned home well after midnight to find the victim angry at him. She struck him and ordered him to leave. Appellant complied, but soon thereafter reappeared with a male companion. Initially, the victim "slammed the door in [their] face[s]," but ultimately reconsidered, admitted the two men into the house, and continued her argument with appellant.
 {¶ 6} At one point, she struck at appellant again, then turned to enter the kitchen. She had taken only a few steps when she felt a heavy object hit her on the crown of her head. Although she was knocked unconscious, she was quite sure of the object that had inflicted the blow, which she later described as the "cast-iron lid" of a cooking pan.
 {¶ 7} The victim regained consciousness to find both the EMS and the Cleveland police had been summoned to the home. As the victim was treated for a head injury, appellant was agitated; he explained to the responding officers that the victim "had hit him and he took the frying pan [sic] from her and hit her." Subsequently, at the hospital, the victim's skull laceration required over ten surgical staples to close.
 {¶ 8} Appellant was indicted on two counts as the result of this incident. The first charged him with domestic violence, and contained a furthermore clause that indicated appellant had been convicted in 1997 of the aggravated assault of "a family or household member," thus raising the level of the offense to a fifth-degree felony. The second count charged appellant with felonious assault; it contained a notice of prior conviction and a repeat violent offender specification, both of which referenced appellant's 1991 conviction for robbery.
 {¶ 9} Appellant's case proceeded to a jury trial. After hearing the testimony of the victim, one of the EMS technicians, and one of the responding police officers, the jury found appellant guilty of count one. The jury acquitted appellant of the second charge.
 {¶ 10} Following a presentence investigation and report, the trial court sentenced appellant to a prison term of ten months.
 {¶ 11} Appellant presents four assignments of error for review as follows:
 {¶ 12} "I. The trial court erred in denying defendant's motion for acquittal as there was insufficient evidence to support [the] conviction.
 {¶ 13} "II. Appellant's conviction was against the manifest weight of the evidence.
 {¶ 14} "III. Defendant-appellant was denied the effective assistance of counsel.
 {¶ 15} "IV. The trial court failed to make the necessary findings under the Ohi[o] Revised Code to impose a ten month sente[n]ce on defendnat[sic]-appellant."
 {¶ 16} In his first two assignments of error, appellant argues his conviction is supported by neither sufficient evidence nor the weight of the evidence, therefore, the trial court erred in denying his motions for acquittal and his conviction should be reversed. Appellant's argument is unpersuasive.
 {¶ 17} Pursuant to Crim.R. 29(A), a trial court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether the material elements of a crime have been proven beyond a reasonable doubt. State v. Bridgeman (1978),55 Ohio St.2d 261. The evidence must be viewed in a light most favorable to the prosecution. State v. Dennis, 79 Ohio St.3d 421,430,1997-Ohio-372.
 {¶ 18} With regard to an appellate court's function in reviewing the weight of the evidence, it must be determined from the entire record whether in resolving conflicts in the evidence, the jury "clearly lost its way" and created "a manifest miscarriage of justice;" cases in which this occurs are "exceptional." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. Thus, this court must remain mindful that the weight of the evidence and the credibility of the witnesses are matters primarily reserved for the jury. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 19} Appellant was convicted of domestic violence in violation of R.C. 2919.25. Subsection (A) of the statute prohibits a person from knowingly causing physical harm to a family member or household member; subsection (D) elevates the offense to a felony of the fifth degree for an offender who "previously has pleaded guilty to or been convicted of domestic violence * * *."[2] Although appellant asserts the state failed to establish either that he was the perpetrator or that he previously was convicted of domestic violence, the record belies his assertion.
 {¶ 20} The officer who responded to the scene testified that appellant admitted hitting the victim with a frying pan. The victim had been hit from behind, but knew exactly what had been used to strike her. Certainly, this constituted sufficient evidence that appellant was the perpetrator. State v. Suarez,
Cuyahoga App. No. 79908, 2002-Ohio-4890. {¶ 21} The record further reflects appellant and the state agreed to a stipulation regarding appellant's previous conviction. By this means, the jury was provided with direct evidence that appellant in fact previously had been convicted of the offense; the jury simply was not provided with the name of his previous victim. State v.Lee, Cuyahoga App. No. 82326, 2003-Ohio-5640. Each of the necessary elements of the crime, therefore, was sufficiently proved.
 {¶ 22} Similarly, despite the victim's equivocal testimony at trial concerning the identity of the aggressor, she acknowledged she had argued with appellant, and still knew exactly the kitchen item that had been used as a weapon. Appellant, too, admitted at the time of the incident that he had hit her. Thus, the jury acted within its prerogative to believe the victim had been struck in the head by appellant rather than the other person present in the house. Therefore, his conviction also is supported by the weight of the evidence. State v. Suarez, supra; Statev. Lee, supra; State v. Barker, Lorain App. No. 04CA008439,2004-Ohio-4329.
 {¶ 23} Appellant's first and second assignments of error, accordingly, are overruled.
 {¶ 24} In his third assignment of error, appellant claims he was denied his constitutional right to effective assistance of counsel. He makes this claim solely on the basis that defense counsel failed to object to the state's two exhibits, viz., the EMS report and the victim's medical records that related to the incident. Appellant's claim is rejected.
 {¶ 25} The claim of ineffective assistance of counsel requires proof that "counsel's performance has fallen below an objective standard of reasonable representation" and, in addition, that prejudice arises from counsel's performance.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different." Id., paragraph three of the syllabus.
 {¶ 26} The burden is on defendant to prove ineffectiveness of counsel. State v. Smith (1981), 3 Ohio App.3d 115, cited with approval, State v. Smith (1985), 17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id. Moreover, this court will not secondguess what could be considered to be a matter of trial strategy. Id.
 {¶ 27} Appellant speculates that had his trial counsel objected to the two exhibits, the evidence upon which his conviction rests would have been much weakened. The decision to challenge physical evidence, however, like the decision to call defense witnesses, is a matter of trial strategy. State v. Hunt
(1984), 20 Ohio App.3d 310. This court will not presume counsel was ineffective in this matter.
 {¶ 28} Both items of physical evidence were generated on the date of the incident; however, neither the EMS report nor the victim's medical records indicate she identified her assailant. Since counsel's strategy during trial in this case was to call the jury's attention to the victim's equivocation about the identity of her attacker, and since both items thus directly supported a suggestion that the police officer may have misinterpreted appellant's admission of guilt, counsel reasonably considered these documents helped rather than compromised the defense. Consequently, he was not deficient in this regard.State v. Corrothers (Feb. 3, 1998), Cuyahoga App. No. 72064.
 {¶ 29} A review of the record in this case reveals trial counsel comported himself in a professional manner, was obviously prepared for trial, and was such an effective advocate for his client that he achieved an acquittal for appellant on the more serious charge of the indictment. Appellant has failed to demonstrate counsel's performance fell below an objective standard of reasonableness; therefore, his third assignment of error also must be overruled. State v. Smith, supra; State v.Gearing, supra.
 {¶ 30} Appellant argues in his fourth assignment of error that the trial court's sentencing order was inadequate to comply with statutory requirements. This argument has merit.
 {¶ 31} This court previously has observed that, as set forth in State v. Edmonson, supra, the trial court must consider several statutes in conjunction with each other when sentencing an offender who committed a fourth or a fifth degree felony.State v. Mustafa (Oct. 12, 2000), Cuyahoga App. No. 77053. Thus, although R.C. 2929.14(A) outlines the basic prison terms, R.C. 2929.13(B) "establishes a system of guidance," and R.C.2929.19(B) sets forth statements the trial court must make at the hearing. Id. The appellate court's role is to examine the record to determine whether the trial court adequately complied with its statutory duties. State v. Scott, Cuyahoga App. No. 82146, 2003-Ohio-4066, ¶ 9; R.C. 2953.08(A)(2).
 {¶ 32} In this case, at the commencement of the hearing, the trial court commented that it had reviewed the "entire case file," the presentence report, and R.C. 2929.11 through "R.C.2929.13 and other Revised Code Sections for felony sentencing of the fifth degree." After hearing from the prosecutor, defense counsel, and appellant, however, the trial court stated for the record only as follows: it found "there have been past instances of violence, including aggravated robbery" along with "drug abuse with violence specification, felonious assault" and "domestic violence." (Emphasis added.) Therefore, it found "the appropriate sentence in this case [was] ten months" of incarceration.
 {¶ 33} The foregoing was inadequate to comply with R.C.2929.19(B). State v. Mustafa, supra; cf., State v. Miller,
Cuyahoga App. No. 82879, 2003-Ohio-6880. The trial court must, at least, utter some comments that demonstrate it analyzed the applicable factors in relation to the case and gave weight to some more than others. State v. Mustafa, supra; State v.Scott, supra.
 {¶ 34} Appellant's fourth assignment of error, accordingly, is sustained.
 {¶ 35} Appellant's conviction is affirmed. Appellant's sentence is reversed, and this case is remanded pursuant to R.C.2953.08(G)(1) for the limited purpose of conducting a resentencing hearing at which the trial court is instructed to state on the record in a logical manner the required findings for choosing the sentence imposed.
 {¶ 36} This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Conway Cooney, P.J. and Calabrese, Jr., J. concur.
[1] The victim admitted during her testimony she herself had been convicted in 1999 of an aggravated assault upon appellant.
[2] The statute does not require proof of the identity of the previous victim.