DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Jeffrey William Lee, appeals the August 23, 2006 judgment of the Lucas County Court of Common Pleas which, following a jury trial, sentenced appellant to five years of imprisonment for felonious assault, in violation of R.C. 2903.11(A)(1). For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} The relevant facts are as follows. On February 8, 2005, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1), one count of rape, in violation of R.C.2907.02(A)(2) and (B), and one count of kidnapping, in violation of R.C.2905.01(A)(2). The charges stemmed from a series of events from January 27 through January 31, 2005, and involved appellant's former girlfriend and mother of his young daughter.
 {¶ 3} On February 23, 2005, appellant entered not guilty pleas to the charges in the indictment. On August 14 and August 15, 2006, a jury trial was held. The jury acquitted appellant of rape and kidnapping and convicted appellant of felonious assault. On August 23, 2006, appellant was sentenced to five years of imprisonment. This appeal followed.
 {¶ 4} Appellant now raises the following two assignments of error:
 {¶ 5} "Assignment of Error No. 1:
 {¶ 6} "Jeffrey Lee's conviction for felonious assault was against the manifest weight of the evidence.
 {¶ 7} "A. A conviction for felonious assault requires that the victim sustain serious physical harm. In this case, the victim sustained two black eyes and broken cartilage in her nose. With only these injuries, did the trier of fact lose its way and create a manifest miscarriage of justice in convicting Jeffrey Lee of felonious assault?
 {¶ 8} "Assignment of Error No. 2: *Page 3 
 {¶ 9} "The evidence of serious physical harm was insufficient to support a conviction for felonious assault.
 {¶ 10} "A. A conviction for felonious assault requires a finding that the victim sustained serious physical harm. In this case, the victim sustained two black eyes and broken cartilage in her nose. Was the evidence of the injuries presented at trial adequate to support a conviction for felonious assault?"
 {¶ 11} We will address appellant's assignments of error together. Appellant asserts that the verdict was not supported by sufficient evidence. Appellant further asserts that the verdict was against the manifest weight of the evidence.
 {¶ 12} The Supreme Court of Ohio has ruled that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. "Sufficiency" applies to a question of law as to whether the evidence is legally adequate to support a jury verdict as to all elements of a crime. Id. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Under a manifest weight standard, however, an appellate court sits *Page 4 
as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. Thompkins, supra at 387. The appellate court, "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.'" Id., quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
 {¶ 13} Appellant was convicted of violating R.C. 2903.11(A)(1), felonious assault. The relevant part of the felonious assault statute provides:
 {¶ 14} "A) No person shall knowingly do either of the following:
 {¶ 15} "(1) Cause serious physical harm to another or to another's unborn * * *."
 {¶ 16} "Serious physical harm" is defined in R.C. 2901.01(A)(5) as:
 {¶ 17} "(A) As used in the Revised Code:
 {¶ 18} "* * *.
 {¶ 19} "(5) `Serious physical harm to persons' means any of the following:
 {¶ 20} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 21} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 22} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity; *Page 5 
 {¶ 23} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 24} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 25} On appeal, the parties do not dispute that appellant struck the victim and caused injury. However, appellant argues that the victim did not sustain "serious physical harm" as required by the statute. At the trial in this matter the following testimony was presented regarding the victim's injuries. The victim testified that she was struck in the back of her head and lost consciousness; both of her eyes were swollen shut and that she had bruises on her lips, chin, and nose. The victim stated that on the date of the altercation she had braces on her teeth and that her skin got caught in them; her lips were swollen. The victim took Tylenol for pain. The victim testified that she called off of work for two days; the victim stated that she was only scheduled to work those two days.
 {¶ 26} The victim was treated at the hospital for her injuries. She received medication; x-rays were taken and revealed a nasal fracture. The victim also testified regarding a bruise on the back of her arm.
 {¶ 27} Toledo Police Sergeant Timothy Campbell testified that on January 31, 2005, appellant made a statement to him. Sergeant Campbell stated that appellant admitted to striking the victim.
 {¶ 28} With regard to the victim's injuries, Sergeant Campbell testified that she had two black eyes, a bruise on her upper left arm and an injury to her wrist; Campbell *Page 6 
later learned that the victim's nose was broken. Campbell testified that he was present when the photographs of the victim's injuries were taken; Campbell stated that they were accurate. The photographs were admitted into evidence.
 {¶ 29} Appellant testified that he struck the victim approximately three times with an open hand. Appellant admitted that the victim had a nasal fracture.
 {¶ 30} In determining whether the state proved the "serious physical harm" element, Ohio appellate courts have held that "[w]here injuries are serious enough to cause him or her to seek medical treatment, the finder of fact may reasonably infer that the force exerted on the victim caused serious physical harm as defined by R.C. 2901.01(A)(5)."State v. Lee, 8th Dist. No. 82326, 2003-Ohio-5640, ¶ 24, citingState v. Wilson (Sept. 21, 2000), 8th Dist. No. 77115. See, also,State v. Euler, 6th Dist. No. WD-03-060, 2004-Ohio-3800. Further, courts have held that "[w]here the assault causes a bone fracture, the element of serious physical harm is met." Lee, ¶ 24, (citations omitted.)
 {¶ 31} Upon review of the evidence submitted at the trial below and the relevant case law, we must conclude that there was sufficient evidence to find that appellant caused serious physical harm to the victim. At trial, the victim testified that she was rendered unconscious by a blow from appellant, that she had to miss work due to her injuries, that she took pain medication for her injuries, that she sought medical treatment, and that she sustained a nasal fracture. Accordingly, appellant's conviction for felonious *Page 7 
assault was not against the manifest weight of the evidence and was supported by sufficient evidence. Appellant's first and second assignments of error are not well-taken.
 {¶ 32} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerks' expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski P.J., William J. Skow, J. CONCUR. *Page 1