JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Lawrence Sellers ("defendant"), appeals from his convictions for two counts of felonious assault. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.
 {¶ 2} This matter proceeded to a bench trial where the sole witness presented by the State was the Cleveland police officer who responded to a complaint of a male being assaulted at defendant's residence on August 15, 2007. The officer testified that when he arrived on the scene, he discovered the victim bleeding, who stated that "Mr. Larry did this" to him. The officer and his partner spoke with defendant. The officer recalled the defendant telling him that he threw the victim and a female out of his house earlier that day. Later, he discovered the two in his garage having intercourse. Defendant told them to get out of the garage, grabbed a broom handle, and started hitting the victim. The officer did not observe any injuries on the defendant. He also did not record the defendant's statement.
 {¶ 3} The officer testified about several photographs depicting the location of the incident and the victim's injuries. The officer was not present when the photographs were taken but stated they were accurate depictions of what he had observed that day. The officer observed about 25 stitches in the victim's head and one or two lacerations. The victim's hands were bruised and bloody. The officer stated that some of the victim's injuries resembled the type of distinct injuries inflicted by an asp baton. The officer did not locate an asp baton at the scene, nor *Page 4 
did anyone testify that the defendant had used one to assault the victim. The officer did observe a metal broom handle in the garage.
 {¶ 4} The trial court admitted medical records pertaining to the victim, which included alleged statements made by the victim that a "guy beat [him] with a metal baton," "beat [him] with a metal thing, it was small but then he made it bigger"; and "beat him with a metal rod." (State's Ex. 11.)
 {¶ 5} The trial court denied defendant's motion for acquittal.
 {¶ 6} The defense presented the testimony of the defendant, who stated he had no prior felony convictions. On August 15, 2007, he awoke around 3:15 p.m. to prepare for his job as a nighttime cab driver. When he took the garbage out to his garage, he was startled by a person inside of it. Defendant maintained that the garage was not well lit. The man was a complete stranger to him. Defendant testified, "I wasn't sure if he was coming at me, or if he was trying to come out. But he came at me, and we just *** we had a battle right then. *** I was — feared for my life at that point. I didn't know who he was or what he was doing there. *** I thought I was just defending myself ***."
 {¶ 7} Defendant said he dropped the garbage bags and grabbed whatever he could to "defend" himself. The man ran down the driveway, and defendant told him not to return. Defendant also said that the officer's recollection about defendant's alleged statements was inaccurate. He denied that the man had ever been inside his house and denied saying this to the officer. He confirmed that he had asked a female to leave his house earlier that day but, to his knowledge, she was not present *Page 5 
when he encountered the man in his garage. According to defendant, the victim initiated the confrontation. Defendant denied having any weapons in his cab.
 {¶ 8} Defendant said his right forearm was totally bruised. Since defendant believed he was not at fault, he did not discuss his injuries with the officer. After being arrested, he reportedly requested both a corrections officer and a doctor to photograph his injuries. No photographs were taken.
 {¶ 9} On rebuttal, the State recalled the Cleveland police officer. He said the garage was well lit when he arrived at 5:00 p.m. He also stated that he observed an overturned chair in the garage and blood splatter in the area on the way out of the garage. He did observe a broom in the garage.
 {¶ 10} The court denied defendant's renewed motion for acquittal. The court found defendant guilty of felonious assault in violation of R.C. 2903.11(A)(1) and 2903.11(A)(2) and sentenced defendant to serve a two-year concurrent sentence for each count.
 {¶ 11} Defendant now appeals, raising three assignments of error for our review.
 {¶ 12} "I. The State failed to present sufficient evidence to sustain a conviction against appellant."
 {¶ 13} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, *Page 6 
after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 14} Defendant contends there was insufficient evidence to convict him of either of the felonious assault charges under R.C. 2903.11(A)(1) and (2), which provide:
 {¶ 15} "(A) No person shall knowingly do either of the following: "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 16} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 17} Defendant first contends that the evidence is insufficient to establish "serious physical harm."
 {¶ 18} R.C. 2901.01(A)(5) provides that "`[S]erious physical harm to persons' means any of the following:
 {¶ 19} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 20} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 21} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 22} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement; *Page 7 
 {¶ 23} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 24} This Court has held that "[w]here injuries to the victim are serious enough to cause him or her to seek medical treatment, the finder of fact may reasonably infer that the force exerted on the victim caused serious physical harm as defined by R.C. 2901.01(A)(5)." State v.Lee, Cuyahoga App. No. 82326, 2003-Ohio-5640, ¶ 24, citing State v.Wilson (Sept. 21, 2000), Cuyahoga App. No. 77115.
 {¶ 25} In this case, the evidence reflects that the victim was taken to the hospital, where he received about 25 stitches in his head. An officer observed the victim's injuries, which also included bruises to his hands, lacerations, and welts on his body. There was sufficient evidence to satisfy the element of serious physical harm. The trial court did not err by denying defendant's motion for acquittal on the felonious assault charge under R.C. 2903.11(A)(1).
 {¶ 26} The defendant next asserts that the State failed to produce evidence that a broomstick is a "deadly weapon." A deadly weapon is "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A).
 {¶ 27} Defendant was charged with committing felonious assault with a deadly weapon, to-wit: a metal baton. The State introduced the medical records containing statements allegedly made by the victim that he was beaten with a metal rod. Defendant only objected to the admission of the medical records on the basis of *Page 8 
authenticity. The records custodian authenticated the records by affidavit, and the trial court admitted them. Thus, the statements were before the trial court without further objection.
 {¶ 28} Accordingly, there was sufficient evidence to sustain a conviction for felonious assault under R.C. 2903.11(A)(2).
 {¶ 29} Assignment of Error I is overruled.
 {¶ 30} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 31} To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 32} The defendant contends that the trial court, who acted as the trier of fact, simply lost its way as to the convictions. Defendant essentially asserts that the trial court erred in accepting the testimony of the testifying officer as to what he recalls defendant having said to him. While defendant's trial testimony does conflict with the officer's testimony, we cannot say that the trial court clearly lost its way in resolving these conflicts.
 {¶ 33} Assignment of Error II is overruled. *Page 9 
 {¶ 34} "III. The trial court erred by ordering convictions and sentences for separate counts of felonious assault because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14."
 {¶ 35} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in the commission of the other, then the offenses are allied offenses of similar import." State v. Cabrales,118 Ohio St.3d 54, 2008-Ohio-1625, paragraph one of the syllabus. Subsequently, the Ohio Supreme Court analyzed whether aggravated assault under R.C. 2903.12(A)(1) and (A)(2) constituted allied offenses of similar import when the offenses result from a single act undertaken with a single animus. State v. Brown, 119 Ohio St.3d 447,2008-Ohio-4569, ¶ 37-40. The court noted that the subdivisions (1) and (2) "set forth two means of committing the offense — causing serious physical harm to another, or causing or attempting to cause physical harm by means of a deadly weapon or dangerous ordnance." Id. at 39. The court concluded that each subdivision provided different forms of the same offense, "in each of which the legislature manifested its intent to serve the same interest — preventing physical harm to persons." Id. *Page 10 
 {¶ 36} In Brown, the Ohio Supreme Court concluded that "the General Assembly did not intend violations of R.C. 2903.11(A)(1) and (A)(2) to be separately punishable when the offenses result from a single act undertaken with a single animus." Id. at 40.
 {¶ 37} The provisions of R.C. 2903.11(A)(1) and (A)(2) are substantially similar to those analyzed by the court in Brown. This Court has previously determined that convictions under these subdivisions are allied of offenses of similar import where there is a single animus. State v. Goldsmith, Cuyahoga App. No. 90617, 2008-Ohio-5990, ¶ 37 (holding "felonious assault pursuant to R.C. 2903.11(A)(1) and R.C. 2903.11(A)(2) are allied offenses of similar import *** because Goldsmith fired multiple shots at one victim in rapid succession and did not have a separate animus for each count of felonious assault.") In this case, the two counts of felonious assault are likewise allied offenses, where the evidence establishes a single animus concerning the assault of a single victim. Accordingly, defendant's convictions should be merged.
 {¶ 38} Assignment of Error III is sustained.
 {¶ 39} Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
It is ordered that appellant and appellee shall each pay their respective costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 11 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MARY JANE TRAPP, J.*, CONCUR.
* SITTING BY ASSIGNMENT: JUDGE MARY JANE TRAPP, OF THE ELEVENTH DISTRICT COURT OF APPEALS. *Page 1