THE STATE OF OHIO, APPELLEE, *v.* HARTFORD, APPELLANT.

(No. 47697—Decided July 30, 1984.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Albert A. Giuliani,* for appellant.

JACKSON, P.J. Appellant was indicted on one count of aggravated robbery, with the specification that the offense was committed with a firearm. He was found guilty as charged, and sentenced to imprisonment.

The sole evidence against the appellant was the testimony of Lori Eaton, the victim of the robbery. While using a telephone in the parking lot of a convenience store in the early morning hours, a car containing two men pulled up within fifteen to twenty feet of her. The passenger, later identified as Danny Justice, exited the car, approached her, and pointed a rifle at her face. The driver, identified as appellant, remained in his car with the dome light on. The robbery lasted between one and ten minutes. The victim's identification testimony was unequivocal.

Danny Justice and appellant were arrested together in a bar the next day.

Danny Justice was the only witness for the defense. He testified that he committed this robbery, but that his accomplice was not appellant, but instead was "Joe," who was "a friend of mine from the old neighborhood." He stated that he had not met appellant before they were arrested at the bar.

The jury convicted appellant. Four errors are assigned on appeal.

Assignment of Error No. 1

"The trial court erred and denied appellant a fair trial when it repeatedly denied defense counsel access to the record."

On several occasions defense counsel sought to introduce certain matters into the record, and was forbidden to do so by the trial court. Counsel attempted to argue in response to the court's ruling on an evidentiary matter during cross-examination of the victim. He tried to "proffer something for the record" after an objection that he had made was

overruled. When the prosecutor's objection to defense counsel's argumentative line of questioning on cross-examination was sustained, he again requested to "put something into the record," and was warned by the court that his conduct bordered on contempt. When defense counsel persisted, the court held him in contempt.

Counsel must be allowed to proffer excluded evidence. This is a prerequisite for appellate review on evidentiary rulings. *State* v. *Rivers* (1977), 50 Ohio App. 2d 129 [4 O.O.3d 100]; Evid. R. 103(A)(2). "Offer of proof is not necessary if evidence is excluded during cross-examination." Evid. R. 103(A)(2). To exclude a proffer of evidence excluded on direct examination is reversible error. *State* v. *Musson* (May 28, 1981), Cuyahoga App. No. 42800, unreported.

In the case at bar, the court did not prevent defense counsel from proffering evidence which had been excluded on direct examination. There was no error by the court. The first assigned error is not well-taken.

### Assignment of Error No. 2

"The trial court violated the appellant's right to confrontation and denied appellant due process of law by repeatedly limiting cross-examination of key prosecution witnesses, in a case where proof of guilt rested upon an identification by a single witness."

Appellant contends that error was committed when objections were sustained to his cross-examination of the victim of the robbery.

No objections were made during cross-examination until the court *sua sponte* warned counsel that its line of questioning was immaterial. Counsel had been inquiring into the closeness of the relationship between the victim of the robbery and a couple whom she thought her husband was visiting the night of the robbery. The trial court's intervention was entirely justified.

Objections were subsequently sustained when it appeared that the witness lacked personal knowledge and when the questions were repetitive or essentially argumentative, conveying no new information to the jury except counsel's opinion that the witness was mistaken. Many objections were overruled. On the whole, defense counsel's cross-examination was searching, thorough, and complete.

This court is persuaded that no error affecting substantial rights was committed by the trial court in these evidentiary rulings. The second assigned error is not well-taken.

### Assignment of Error No. 3

"The trial court erred in permitting introduction of alleged other or similar acts testimony and in denying the defense motion for mistrial based thereon."

Appellant contends that the trial court committed prejudicial error with respect to the admission of evidence that appellant was wanted for other aggravated robberies. The record discloses, however, that this matter was first brought to the attention of the jury by defense counsel.

On direct examination, the arresting officer testified that he responded to a radio broadcast describing a vehicle and two suspects wanted for an aggravated robbery. On cross-examination, defense counsel elicited the fact that this was *not* the same aggravated robbery that was before the court. Subsequently, a detective *volunteered,* by way of nonresponsive answers, that appellant was wanted in connection with other robberies. Appellant objected, but did not move to strike this testimony, and did not request that the jury be instructed to disregard it. Brief reference was made to the other robbery by the prosecutor in closing argument, and no objection was interposed by the defense.

The introduction of evidence of

other crimes committed by a defendant can be highly prejudicial, and is prohibited by the rules of evidence. Evid. R. 404(B). See *State* v. *Curry* (1975), 43 Ohio St. 2d 66 [72 O.O.2d 37]. If the defense had not opened the door to this evidence, appellant's conviction might have had to be reversed.

In the case at bar, any objection to this evidence was waived during cross-examination of the arresting officer, because this was when the jury first learned of other crimes.[1] The third assigned error is not well-taken.

### Assignment of Error No. 4

"The trial court erred in finding no inconsistencies in the state's key witness' prior statement and in refusing to allow defense counsel to use such statement for purposes of cross-examination."

Defense counsel notes that the prosecuting witness, in her testimony, omitted certain matters contained in her statement to police, and contends that these constituted "inconsistencies" within the meaning of Crim. R. 16 (B)(1)(g). This rule authorizes counsel to inspect the witness' statement during trial and to cross-examine the witness concerning any "inconsistencies."

The holding of this court should not be interpreted to mean that under no circumstances could an omission be an inconsistency. Certain details related to the police may naturally not be brought up on direct examination and some details omitted from a witness statement may naturally crop up for the first time at trial, and it is not appropriate to consider the omission of such details to be "inconsistencies." However, more material omissions may under the circumstances be fairly construed as inconsistencies.

In her written statement to police, the victim had given them a license plate number of the suspects' vehicle, and had stated that she first thought that the gun was a baseball bat. She also made no reference to a description of the suspects in her written statement, but she testified that she did give a description of the suspects to the police.

On cross-examination, due to the court's ruling, defense counsel was not permitted to use the witness' statement to impeach her testimony. But counsel did inquire into these matters in an attempt to develop inconsistencies with the witness statement. On cross-examination, the victim admitted that she did try to memorize the license number and gave it to police, and that she initially thought the gun was a baseball bat. This testimony was consistent with her witness statement. We find no reversible error was committed by the trial court. The fourth assigned error is not well-taken.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON, J., concurs.

PATTON, J., concurs in judgment only.

---

[1] Appellant contends that this matter was referred to by the prosecutor in opening statement. Fortunately, for the state of Ohio, the prosecutor got no further than to say, "They [police] also have some information * * *" before an objection was sustained.