[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Derrick Broach was indicted on one count of assault against a police officer, one count of aggravated robbery of a police officer, and one count of possession of cocaine. Following a jury trial, Broach was found guilty of assault and possession of cocaine. He was acquitted on the robbery charge. Broach was sentenced as appears of record. In this appeal, Broach now raises four assignments of error, none of which we find to be well taken.
In the first assignment, Broach argues that the trial court erred by allowing the state's witnesses to identify him in jailhouse attire. While it is settled law that the state cannot compel a criminal defendant to appear at trial in identifiable prison attire, a defendant may choose to wear prison attire, or there may be circumstances that negate the level of compulsion necessary to establish a violation of the defendant's right to due process.[1] The defendant and his attorney bear the burden to make it known that the defendant does not wish to be tried in prison attire.[2] A failure to object to the court in regard to being tried in prison clothing serves to negate the compulsion needed to show a constitutional violation.[3]
The record reveals that Broach never told the court that he wished to proceed in civilian garb. In fact, during voir dire, Broach's attorney referred to his prison garb when questioning the potential jurors about whether any of them would be unduly influenced by his attire. In addition, there is no showing in the record that Broach suffered any prejudice resulting from his attire at trial. The jury did not find Broach guilty of all the charges against him, showing that the jury carefully considered the evidence relating to the charges rather than making a blanket decision that Broach was guilty because he was dressed in jail clothing. Because there was no timely objection, pursuant to Estelle, no evidence that Broach was compelled to stand trial before the jury in prison clothing, and no showing of prejudice, the first assignment of error is overruled.
In the second assignment of error, Broach argues that the trial court erred by admitting, over objection, evidence of his prior criminal record for resisting arrest. On direct examination, Broach testified that he had four prior convictions involving possession of marijuana (two), possession of criminal tools and drug abuse. On cross-examination, after being questioned about whether he had tried to take the officer's gun, Broach responded, "No, I never did nothing like that out of all my cases that I caught. I never resisted arrest like that to the point where I know that I'm doing something dangerous as far as grabbing the police weapon went. I respect policemen." Following that statement, the prosecutor questioned Broach, over objection, about four prior resisting-arrest charges.
The admission or exclusion of evidence lies in the trial court's sound discretion.[4] To find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment.[5]
Generally evidence of other crimes is considered prejudicial and not admissible to prove the character of person to show conforming conduct, but it is permitted for certain purposes, such as to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake.[6] Prejudicial error, however, can not be shown where the defense "opens the door" to the evidence.[7] Here, Broach opened the door to evidence of his prior resisting-arrest offenses. And while we note that evidence of prior misdemeanors is generally not admissible for the purposes of impeachment pursuant to Evid.R. 609, we disagree that its introduction here was error. Because the other-crimes evidence was first introduced by Broach, we hold that Broach opened the door to the state's questioning by commenting on his history of resisting arrest. Accordingly, we overrule the second assignment of error.
In the third assignment, Broach maintains that three instances of prosecutorial remarks during closing argument denied him a fair trial. Essentially Broach argues that the first comment denigrated his due-process right to a jury trial and shifted the burden of proof; that the second comment improperly related the prosecutor's opinion about Broach; and that the third comment improperly misstated the evidence relating to Broach's prior drug convictions. At trial, Broach's counsel only objected to the third comment.
The conduct of a prosecuting attorney at trial cannot be made a ground of error unless the conduct deprives the defendant of a fair trial.[8]
It is well established that parties are afforded some latitude during closing arguments, and we will not overturn a conviction absent an abuse of discretion in overruling an objection.[9]
In the third comment, the prosecutor stated, "[Broach] has four prior drug convictions we have gone through those four priors in the past seven years." Having reviewed the third comment, we conclude that there was no abuse of discretion here. While Broach testified on direct examination that he had been convicted of only three prior drug offenses and had one conviction for criminal tools, the trial court cautioned the jury not to consider closing arguments as statements of fact. Moreover, the prosecutor then accurately listed the four prior convictions for the jury. Because Broach had testified about his drug convictions and because the court issued a curative instruction concerning the evidence, we cannot say that the prosecutor's comment affected the fairness of the trial.
As for the two comments that were not objected to at trial, we note that the failure to object to statements made by a prosecutor during closing arguments waives all but plain error.[10] In the first comment, the prosecutor stated,
 In fact, the evidence is so overwhelmingly clear you may be wondering why you are here, and why this case went to a jury trial.
 And I'll tell you why. We are here because the defendant is entitled to a trial. That is his right. Now the State is entitled to a guilty verdict on all three counts.
 Sometimes justice is quiet and fast, and a person comes in and admits guilty. Other times the road to justice is a slow one and the defendant must be brought to justice kicking and screaming.
 In the second comment the prosecutor stated, "I assert to you that these officers are the witnesses. They are the ones that are telling the truth in this case, and the defendant is the one that is not being truthful. He's the one who's lying."
Having reviewed the two comments in their context, we conclude that they were not improper. The first comment did not improperly shift the burden of proof or suggest that Broach should not have received a jury trial. With regard to the second comment, while a prosecutor cannot render an opinion about the defendant's truthfulness, here the prosecutor tempered the second remark with the words "I assert to you * * *" This indicates that the prosecutor's comment was not necessarily an opinion about Broach but rather an illustration of the discrepancies between the officers' testimony and Broach's testimony. Moreover, even if we were to assume, arguendo, that the comments were improper, we cannot say that the comments denied Broach a fair trial. Accordingly, the third assignment is overruled.
In his final assignment, Broach argues that the trial court erred in imposing consecutive sentences. Prior to ordering that the sentences be served consecutively, the trial court had to find that consecutive sentences were necessary to protect the public from future crime or to punish Broach, and that consecutive sentences were not disproportionate to the seriousness of Broach's conduct and to the danger that he posed to the public.[11] Further, the court had to find that one of the factors listed in R.C. 2929.14(E)(4)(a) through (c) was applicable. Finally, the court had to provide its reasons for each finding.[12] Because the court did make the statutory findings both on the record and in the felony sentencing worksheet, as well as providing its reasons for imposing consecutive sentences on the record, namely that "there is a substantial record of prior offenses," we hold that the trial court did not err in ordering the sentences to run consecutively. The fourth assignment is overruled.
Therefore, the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., and Sundermann, JJ.
 Painter, J. concurs separately.
[1] See Estelle v. Williams (1976), 425 U.S. 501, 96 S.Ct. 1691; Statev. Jones (Dec. 29, 1995) Hamilton App. No. C-950005, unreported.
[2] See id. at 512, 96 S.Ct. at 1697.
[3] See Estelle v. Williams, supra, at 512-513, 96 S.Ct. at 1697; Statev. Chaney (July 21, 1988), Cuyahoga App. No. 53814, unreported.
[4] See State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus.
[5] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
[6] See Evid.R. 404(B).
[7] See State v. Hartford (1984), 21 Ohio App.3d 29, 31, 486 N.E.2d 131,134.
[8] See State v. Keenan (1993), 66 Ohio St.3d 402, 613 N.E.2d 203;State v. Apanovitch (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394,400.
[9] See State v. Maurer (1984), 15 Ohio St.3d 239, 266, 473 N.E.2d 768,793.
[10] See State v. Keenan, supra, at 410, 613 N.E.2d at 209.
[11] See R.C. 2929.14(E)(4).
[12] See R.C. 2929.19(B)(2)(c); State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131.