DECISION AND JUDGMENT ENTRY
{¶ 1} This case is on appeal from a judgment of the Wood County Court of Common Pleas, finding appellant guilty of vehicular assault. Finding both assignments of error not well-taken, this court affirms the judgment of the trial court.
 {¶ 2} On the night of June 28, 2002, appellant, Greg Euler, his wife, Pam Euler, her sister-in-law, Selina Cox, and a friend, John Roose, went to a bar called the Weston Inn. Appellant and Mrs. Euler drank beer. Cox drank White Russians. For no apparent reason, a woman at the bar lifted her shirt and showed appellant her bare chest. Appellant thought the incident was humorous. Mrs. Euler became quite upset and began arguing with appellant. They continued to argue in her van on the way home.
 {¶ 3} Appellant drove the van, Mrs. Euler was in the front passenger seat, Cox was in the middle seat on the passenger's side, and Roose sat in the middle seat behind the driver. On the way home, they dropped off Roose at the Euler's farm on Euler Road. They then proceeded down Poe Road toward Route 105 to take Cox home. Mrs. Euler was still upset with appellant about the incident at the bar. After turning north onto Route 105, appellant hit the guardrail twice on the passenger side, continued down the road and hit a gas line marker. At this point they had reached Cox's house. The two women got out of the van, and appellant drove away. Mrs. Euler called her son to pick her up, and Cox went to bed. The van was discovered without its right rear tire the next morning at the intersection of Kramer and Liberty Hi Roads.
 {¶ 4} Early the next afternoon, Cox went to the hospital complaining of neck pain. She was diagnosed with a neck strain and sent home with a neck brace, pain relievers, and a muscle relaxant. A Wood County sheriff's deputy took Cox's one-page statement at Wood County Hospital. She later received physical therapy for her injuries.
 {¶ 5} A criminal complaint was filed on July 1, 2002, charging appellant with one count of felonious assault. Appellant was indicted by the Wood County Grand Jury on August 8, 2002, and charged with vehicular assault in violation of R.C. 2903.08 and domestic violence in violation of R.C. 2919.25(A).
 {¶ 6} A jury trial was held April 9 and 10, 2003. At trial, Cox testified as to the events of the evening. She testified that appellant did a 360 degree turn on Poe Road before turning onto Route 105, that appellant had been drinking, and that appellant and Mrs. Euler were arguing. She also said she was having neck, head and eye pain immediately following the collision. Appellant raised an objection under Crim.R. 16(B)(1)(g) that her testimony was inconsistent because these details were omitted from her statement given to the sheriff's deputy at the hospital. The court examined the statement and ruled it was consistent with her testimony. Defense counsel was not allowed to cross-examine the witness with regard to her statement.
 {¶ 7} Appellant also moved for a judgment of acquittal pursuant to Crim.R. 29 at the conclusion of the state's case, after rebuttal testimony from Cox, and after the jury verdict. The motion was denied each time. Appellant was found guilty on the charge of vehicular assault and not guilty on the charge of domestic violence. The trial court sentenced appellant to nine months imprisonment, suspended his driver's license for six months, and ordered him to pay $3,800 restitution to Cox.
 {¶ 8} Appellant raises the following assignments of error:
 {¶ 9} "Assignment of Error No. 1: The Trial Court committed reversible error when it prohibited Appellant from cross examining Selina Cox about her prior written statement.
 {¶ 10} "Assignment of Error No. 2: The Trial Court committed reversible error when it denied Appellant's Criminal Rule 29 motions."
 {¶ 11} Appellant, in his first assignment of error, asserts that the trial court committed error when it did not allow him to use Cox's statement for cross-examination. Crim.R 16(B)(1)(g) allows for an in camera inspection of a witness's statement following direct examination to determine if there are inconsistencies. If there are inconsistencies, the court will provide defense counsel with the statement for cross-examination purposes.
 {¶ 12} Appellant characterizes the omissions in Cox's statement as inconsistencies. However, details not present in a witness statement are likely to come out during longer testimony at trial. State v. Hartford (1984), 21 Ohio App.3d 29, 31. The court conducted an in camera inspection of Cox's statement, with counsel present. Her entire statement reads:
 {¶ 13} "They were fussing and he hit the guard rail
 {¶ 14} "Q — Who was in the van?
 {¶ 15} "A — Myself, Pam Greg
 {¶ 16} "Q — Who was driving?
 {¶ 17} "A — Greg
 {¶ 18} "Q — Where did you get out of the van at?
 {¶ 19} "A — 8645 Scotch Ridge Road
 {¶ 20} "Q — Did Pam get out with you?
 {¶ 21} "A — Yes
 {¶ 22} "Q — Did you think Greg did this on purpose?
 {¶ 23} "A — Yes"
 {¶ 24} Omissions should not be considered inconsistencies unless they are material omissions. Id. at 31. It is the trial court that decides whether or not an omission is material. Appellate courts should give deference to the trial court's judgment unless there has been an abuse of discretion. State v.Garcia (Sept. 10, 2001), Hancock App. No. 5-01-12. A trial court does not abuse its discretion unless it acts arbitrarily, unconscionably or unreasonably. State v. Adams (1987)62 Ohio St.2d 151, 157.
 {¶ 25} Here, the trial court ruled that the omissions were immaterial. The court ruled the statement was consistent with who was in the car and where they went. Our examination of the record does not reveal a clear abuse of discretion. Appellant's first assignment of error is not well-taken.
 {¶ 26} Appellant, in his second assignment of error, maintains that the court erred in not granting his motion for acquittal pursuant to Crim.R. 29. Crim.R. 29 states that if the evidence is insufficient to maintain a conviction, the court shall enter a judgment of acquittal. Sufficiency of the evidence to support a conviction is a question of law. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. The standard inquiry into the sufficiency of the evidence "* * * is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Smith (1997), 80 Ohio St.3d 89, 113, quotingState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307.
 {¶ 27} Appellant asserts that the state produced inadequate evidence to prove he caused the element of serious physical harm. As defined in R.C. 2903.08, one is guilty of vehicular assault if he or she "while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person." Serious physical harm under R.C. 2901.01(A)(5)(e) is "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 28} The Tenth Appellate District faced a very similar situation to this case in State v. Teague (Aug. 12, 1997), Franklin App. No. 97APA02-149. In that case, the appellant appealed her conviction for aggravated vehicular assault by asserting that the victim's injuries were not acute pain of such duration as to result in a substantial suffering or any degree of prolonged or intractable pain. Following a motor vehicle collision, the victim was taken to the hospital and given a neck brace and pain medication before being released. She took pain medication for a month following the accident. The victim also testified at trial that she was still experiencing soreness and stiffness in her back and neck. The appellate court held that a reasonable trier of fact could have found that the victim suffered acute pain that could have caused substantial suffering.
 {¶ 29} Appellant asserts that Cox's injuries are minor to moderate soft tissue injuries that are not within the contemplation of the statute. However, the state presented evidence of serious physical harm. Cox had the same type of injury as the victim in Teague. She testified that she sought and received medical treatment because she was still experiencing pain the next day. Cox had to wear a soft collar for several months, her injuries required pain medication, she received physical therapy, and she was still experiencing neck and back pain nearly a year later. A jury may infer that an injury that causes a victim to seek medical treatment is serious physical harm. State v. Wilson (Sept. 21, 2000), Cuyahoga App. No. 77115. Viewing the evidence in a light most favorable to the prosecution, the trier of fact could have found Cox's injuries caused acute pain of such duration as to result in substantial suffering, or any degree of prolonged or intractable pain. Therefore, appellant's second assignment of error is not well-taken.
 {¶ 30} On consideration, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to the appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J., concur.