OPINION *Page 2 
{¶ 1} Appellant Mark A. Nemethy appeals his conviction and sentence entered on December 7, 2006, in the Licking County Municipal Court on one count of OVI and one count of Failure to Control.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On August 24, 2006, at 2:55 a.m., Trooper Hart was dispatched to a crash in the township of Perry, Licking County, Ohio. (T. at 11). Upon arriving at the scene, paramedics were attempting to convince Appellant, Mark Nemethy, to exit the vehicle. (T. at 12). Appellant was sitting in the driver's seat and there were no other passengers in the vehicle. (T. at 34-35). Appellant would not get out of the car and was refusing medical treatment. (T. at 12).
 {¶ 4} Trooper Hart made contact with Appellant and immediately noticed a strong odor of an alcoholic beverage coming from his person. (T. at 12). Trooper Hart observed that Appellant's eyes were bloodshot and glassy, and he seemed to be disoriented. (T. at 12-13). When Appellant eventually exited the vehicle, Trooper Hart noticed that he was unsteady on his feet and appeared to be in pain but continued to refuse medical treatment. (T. at 13). Trooper Hart also noticed Appellant had urinated in his pants. (T. at 13). Upon speaking with Appellant, the Appellant admitted to having consumed alcohol that evening prior to driving. Id. At that time, Trooper Hart, who had met and spoken with Appellant on a prior occasion, described Appellant's appearance as being "sloppy drunk." (T. at 13-14). *Page 3 
 {¶ 5} Due to possible injuries, Trooper Hart convinced Appellant to go to the hospital and did not conduct field sobriety tests. (T. at 16).
 {¶ 6} Trooper Hart, who is trained in crash scene investigation, conducted an investigation and concluded that Appellant had driven off the road and had operated the vehicle off the road for approximately 300 ft before striking a culvert. (T. at 18). Trooper Hart stated that he found no signs of swerving to miss an animal in the roadway as claimed by Appellant, nor signs of braking prior to hitting the visible culvert. (T. at 18-21, 30, 36).
 {¶ 7} Upon speaking with Appellant at the hospital, Trooper Hart continued to notice a strong odor of an alcoholic beverage, slurred speech, and bloodshot and glassy eyes. (T. at 20).
 {¶ 8} On August 24, 2006, Appellant was arrested and cited for OVI, in violation of R.C. § 4511.19(A)(1)(a), Failure to Wear His Seat Belt, in violation of R.C. § 4513.263, and Failure to Control, in violation of R.C. § 4511.202. At arraignment, Appellant pled not guilty to all charges.
 {¶ 9} On September 25, 2006, Appellant filed and served his demand for discovery, bill of particulars, and Appellee's intended evidence in chief.
 {¶ 10} On October 11, 2006, Appellee filed its response.
 {¶ 11} On October 16, 2006, Appellant filed a motion to suppress the blood test and reported results (i.e. outside of two (2) hour limit).
 {¶ 12} A hearing was set for November 9, 2006.
 {¶ 13} Appellee's response was filed November 9, 2006. *Page 4 
 {¶ 14} On November 16, 2006, the trial court filed a Judgment Entry granting Appellant's motion, and the trial court ordered that Appellee not present any evidence at trial pertaining to the chemical test taken by Appellant.
 {¶ 15} On November 21, 2006, Appellant filed a motion to have the trial court order the trooper's in-car-camera video be edited to delete inadmissible evidence.
 {¶ 16} A non-oral hearing was set for December 5, 2006. There was no ruling. The video wasn't used at trial.
 {¶ 17} On December 7, 2006, a jury trial was had, and the jury found Appellant guilty of OVI, and the court found Appellant guilty of Failure to Control, but not guilty of Failure to Wear His Seat Belt. Appellant was sentenced forthwith.
 {¶ 18} On December 8, 2006, Appellant timely filed his notice of appeal, demand for record and transcript of proceedings, and motion to stay, which was granted.
 {¶ 19} Appellant assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 20} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S RULE 29(A) MOTION.
 {¶ 21} "II. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF FAILURE TO CONTROL.
 {¶ 22} "III. THE TRIAL COURT COMMITTED PLAIN ERROR BY PERMITTING APPELLEE TO PRESENT EVIDENCE CONTRARY TO THE JUDGMENT GRANTING APPELLANT'S MOTION TO SUPPRESS, THEREBY VIOLATING APPELLANT'S RIGHTS TO A FAIR TRIAL, DUE PROCESS, AND/OR EQUAL PROTECTION OF THE LAW. *Page 5 
 {¶ 23} "IV. THE JUDGMENTS OF GUILTY TO OVI AND/OR FAILURE TO CONTROL ARE NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
 I., II., IV. {¶ 24} We shall address Appellant's First, Second and Fourth Assignments of Error together as they each challenge the manifest weight of the evidence.
 {¶ 25} Crim.R. 29 governs a motion for acquittal. Subsection (A) states the following:
 {¶ 26} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 27} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 28} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 29} In the case sub judice, Appellant was convicted of OVI and Failure to Control: *Page 6 
 {¶ 30} R.C. § 4511.19, Driving while under the influence of alcohol ordrugs, provides, in part:
 {¶ 31} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
 {¶ 32} "(a) the person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 33} R.C. § 4511.202, Operation without Reasonable Control, provides:
 {¶ 34} "(A) No person shall operate a motor vehicle, trackless trolley, or streetcar on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, or streetcar."
 {¶ 35} Thus, with regard to the OVI charge, the state had to prove that Appellant: (1) was operating a vehicle; (2) in the state of Ohio; and (3) was under the influence of alcohol at that time.
 {¶ 36} At the trial, Trooper Hart testified that Appellant was seated in the driver's seat of his automobile which had been involved in a crash in Licking County. Therefore, the first two elements were satisfied.
 {¶ 37} Trooper Hart further testified that Appellant had bloodshot and glassy eyes, slurred speech, appeared disoriented and had a strong odor of alcohol about his person. He further testified that Appellant admitted to him that he had consumed alcohol prior to driving his vehicle. Additionally, Trooper Hart testified that Appellant was unsteady on his feet and that he had urinated in his pants.
 {¶ 38} Upon review, we find the totality of the state's evidence was sufficient to overcome a Crim.R. 29 motion for acquittal. *Page 7 
 {¶ 39} Appellant also challenges the trial court's verdict on the Failure to Control charge and the jury's verdict on the OVI charge.
 {¶ 40} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 41} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 42} Upon review, we find that the evidence supports that Appellant was driving his vehicle on the night in question and that he failed to control same in that he drove his vehicle off the roadway and crashed it into a culvert, therein failing to maintain control of said vehicle. We therefore do not find the trial court erred in finding Appellant guilty of failure to control.
 {¶ 43} As to the OVI charge, based on the testimony of Trooper Hart as set forth above, we find the evidence is sufficient to support the conviction when viewed as a whole. Upon review, we find no manifest miscarriage of justice.
 {¶ 44} Appellant's first, second and fourth assignments of error are overruled. *Page 8 
 III. {¶ 45} In his third assignment of error, Appellant argues that the trial court committed plain error in allowing in evidence which was the subject of a successful motion to suppress. We disagree.
 {¶ 46} Specifically, Appellant argues that the trial court should not have allowed the State to introduce evidence that a chemical test had been performed in this case because the trial court had previously granted a motion to suppress on such issue.
 {¶ 47} Prior to the trial in this case, the trial court had suppressed the results of the chemical test in this case because such test was taken outside of the required two-hour window. An agreed entry was signed by both parties stating that because Appellant was charged under R.C. § 4511.19(A)(1)(a) and because the blood test was requested and drawn outside of the two-hour limit, the State would not present evidence regarding such chemical test at trial.
 {¶ 48} However, during opening statements at the trial, counsel for Appellant stated to the jury:
 {¶ 49} "Some of the evidence that will not be available to the prosecution because it does not exist, which exists sometimes in OVI cases, you'll hear no evidence of any blood tests, no breath test, no urine tests." (T. at 4-5).
 {¶ 50} The State objected to such statement and a side bar conference was held. The State argued that such statement was misleading and prejudicial because a test was requested and performed. The State requested that it be allowed to introduce evidence that a blood test was performed, arguing that Appellant "opened the door" to the introduction of same. *Page 9 
 {¶ 51} The trial court allowed the State to introduce evidence that a blood test was in fact performed but did not allow the results of such test to be introduced.
 {¶ 52} During his testimony, Trooper Hart explained the time limits associated with obtaining chemical test results, testifying that the results of the chemical test in the case sub judice were taken too late.
 {¶ 53} Appellant's defense counsel did not object to such testimony.
 {¶ 54} In the absence of objection, any error is deemed to have been waived unless it constitutes plain error. Crim.R. 52(B).
 {¶ 55} The plain error doctrine represents an exception to the usual rule that errors must first be presented to the trial court before they can be raised on appeal and permits an appellate court to review an alleged error where necessary to prevent a manifest "miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, 96. In order to prevail under a plain error standard, an Appellant must demonstrate both that there was an obvious error in the proceedings and that, but for the error, the outcome of the trial clearly would have been otherwise.State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, ¶ 62. Stated another way, under a plain error analysis, "[t]he appellate court must examine the error asserted by the defendant-Appellant in light of all of the evidence properly admitted at trial and determine whether the jury would have convicted the defendant even if the error had not occurred."State v. Slagle, (1992) 65 Ohio St.3d 597, 605, 605 N.E.2d 916. Notice of plain error under this rule is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See State v. Long, (1978), 53 Ohio St.2d 91,372 N.E. 2d 804, State v. Cooperrider, (1983), 4 Ohio St.3d 226,448 N.E.2d 452. *Page 10 
 {¶ 56} As applied to the present case, we agree with the State that the defense opened the door to testimony when he made the statement that no chemical tests had been performed in this case. Prejudicial error will not be found when the defense "opens the door" to this evidence. SeeState v. Greer (1988), 39 Ohio St.3d 236, 243, 530 N.E.2d 382; State v.Hartford (1984), 21 Ohio App.3d 29, 31, 486 N.E.2d 131.
 {¶ 57} We further find that Appellant has failed to establish that but for the introduction of the testimony in question, the outcome of his trial would have been different. We do not find any prejudice to Appellant as a result of the introduction of such evidence. Accordingly, we do not find it constitutes reversible error.
 {¶ 58} Appellant's third assignment of error is overruled.
 {¶ 59} For the foregoing reasons, the judgment of the Licking County Municipal Court, Licking County, Ohio, is affirmed.
Wise, J. Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court, Licking County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1