[Cite as *State v. Rice*, 2022-Ohio-2050.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JESSE RICE, | : | Case No. 21 CAA 10 0050 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County
Court of Common Pleas, Case No.
21 CRI 030146

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     June 16, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ELIZABETH A. MATUNE                APRIL F. CAMPBELL
Assistant Prosecutor                    Campbell Law, LLC
145 North Union Street                 46 1/2 N. Sandusky Street
Delaware, Ohio 43015                  Delaware, Ohio 43015

*Baldwin, J.*

**{¶1}**   Jesse Rice appeals the decisions of the Delaware Court of Common Pleas regarding his conviction of attempted felonious assault, a felony of the third degree, in violation of R.C. 2923.02(A)/R.C. 2903.11(A) and domestic violence, a misdemeanor of the first degree, in violation of R.C. 2919.25(A). The State of Ohio is appellee.

## STATEMENT OF FACTS AND THE CASE

**{¶2}**   The Delaware Police Department responded to a call from a woman, A.M. who reported that she had been strangled by her boyfriend, Jesse Rice.  Two officers arrived nearly simultaneously and one went to the residence and located the victim.  The second officer found appellant, Jesse Rice, in a pick-up truck outside the home apparently scrolling through his phone.  He appeared unconcerned by the officers' sudden appearance and denied that he had assaulted A.M.

**{¶3}**   The second officer found A.M. at the home, but she did not permit him to enter for fear of frightening the young daughter of Rice and A.M. who was in the house and presumably not attentive to the arrival of the officers.  The officer noted bruises on the side of A.M.'s neck, a fist size bruise on her upper chest and red, finger-tip size bruises on the back of her neck.  The officer also noted her voice was scratchy.

**{¶4}**   At trial A.M. described how Rice had become angry with her and eventually choked her three times, slapped her several times and told her that he would kill her. Once she escaped, she called a friend for help and then contacted 911 to report the incident.

{¶5}    During the trial, A.M. explained that she had kept their child from Rice for one year, but did not disclose the reason for the separation.  Defense counsel explored that issue on cross-examination:

Q. Well, you talked on direct that while Jesse was strangling you, he was yelling at you about not letting you—him see his daughter for a year?

A. Yes, sir.

Q. That was untrue?

A.  No. That is true.

Q. Okay, so when was that year you wouldn't let him see his daughter?

A.  June of 2019 to May of 2020.

Q. Okay, And repeatedly on direct you had stated that you were afraid to call the police on Jesse, you didn't want him to get into trouble because you wanted him to be in his daughter's life, correct?

A, Yes, sir.

Q. But you didn't have that concern for the year you wouldn't let him see her?

A.  No, sir.

Trial Transcript, Volume I, Pages 213-214

{¶6}    In redirect, the prosecution asked the victim why she did not let Rice see his daughter and Rice objected. The trial court overruled the objection (Trial Transcript, Volume I, Page 232) and A.M. explained that she kept Rice away from their daughter because he was supposed to help her move but did not; because he did not ask about his daughter; because he had flown off the deep end; and

because he had once offered money on Facebook for someone to find her; among other things. Trial Transcript, Volume I, Pages 232-234.

{¶7} The matter went to the jury and Rice was convicted on both counts and sentenced to a prison term of twenty-four months.

{¶8} Rice's counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). In Anders the Supreme Court of the United States held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and, (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶9} Appellate counsel's brief lists the following potential assignments of error:

{¶10} "I. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OVER RICE'S OBJECTION, AS TO THE REASON WHY THE VICTIM DID NOT LET RICE SEE THEIR CHILD FOR ALMOST A YEAR."

{¶11} "II. THE EVIDENCE OF ATTEMPT TO CAUSE SERIOUS PHYSICAL HARM WAS LEGALLY INSUFFICIENT TO CONVICT RICE OF ATTEMPTED

FELONIOUS ASSAULT, AND THE EVIDENCE WEIGHED MANIFESTLY AGAINST HIM."

**{¶12}** "III. THE TRIAL COURT ERRED IN SENTENCING RICE."

**{¶13}** In the listed assignments of error, appellate counsel suggests there are no issues that could be considered meritorious. Counsel timely served Rice with a copy of the brief, but he has not filed a brief in response to service of the *Anders* brief. He did file a motion to dismiss the appeal, pro se*.* That motion was denied because Rice was represented by counsel in this matter.

**ANALYSIS**

**I.**

**{¶14}** The first proposed assignment of error focuses upon the exchange between A.M., defense counsel, and the prosecutor regarding A.M.'s keeping Rice's child away from him for one year. A.M. did describe the separation as a source of Rice's anger but did not disclose and was not asked for a reason during direct examination. During cross-examination, defense counsel explored the topic, highlighting the inconsistency between her statement that she wanted Rice to be part of her daughter's life and her act of keeping her daughter away from Rice. Defense counsel's questioning prompted questions on redirect examination regarding the reason for the different treatment and A.M. described the negative behaviors of Rice that prompted her actions. Rice objected but the objection was overruled.

**{¶15}** Appellant's counsel has cited two Eighth District Court of Appeals that she has interpreted as supporting the introduction of otherwise inadmissible evidence when one party "opens the door" to that topic. This court has reached the same conclusion.

*State v. Nemethy*, 5th Dist. Licking No. 06 CA 159, 2007-Ohio-4387, ¶ 56 (Prejudicial error will not be found when the defense "opens the door" to this evidence. See *State v. Greer* (1988), 39 Ohio St.3d 236, 243, 530 N.E.2d 382; *State v. Hartford* (1984), 21 Ohio App.3d 29, 31, 486 N.E.2d 131.); *State v. Hootman*, 5th Dist. Richland No. 18CA31, 2019-Ohio-607, ¶ 53 (A court will not find error "when the defense opens the door to otherwise inadmissible evidence." *State v. Davis*, 195 Ohio App.3d 123, 2011-Ohio-2387, 958 N.E.2d 1260, ¶ 26 (8th Dist.)).

**{¶16}** We find that Rice's cross-examination of the victim opened the door for the state to question her regarding her reason for keeping Rice from his daughter. Rice's first proposed assignment of error is overruled.

**II.**

**{¶17}** In the second proposed assignment of error, appellant's counsel examines, but finds no merit in the assertion that the conviction for attempted felonious assault was not supported by sufficient evidence or was against the manifest weight of the evidence.

**{¶18}** The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), in which the Ohio Supreme Court held, "an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

**{¶19}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶20}** It is well-established, though, that the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216. The jury is free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. *Id.*

**{¶21}** Rice was charged with attempted felonious assault, a violation of R.C. 2903.11(A) which states in relevant part that: "No person shall knowingly * * * [c]ause serious physical harm to another * * *. The state argued that attempted felonious assault allegedly occurred when Rice "purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, *** engage[d] in conduct that, if successful, would constitute or result in [felonious assault]. R.C. 2923.02(A).

**{¶22}** A.M. testified that Rice choked her three separate times to the brink of unconsciousness while threatening to kill her. She described losing feeling in her limbs, blurred vision and difficulty breathing while "things were going black." (Transcript, p. 188, lines 6-10). The jury was provided with photographs of bruises on her neck and chest as

well as red marks on her neck that she attributed to Rice's actions.  The record contains no alternate explanation for A.M.'s symptoms or injuries.

**{¶23}** We find that the record contains sufficient evidence for a reasonable jury to find, beyond a reasonable doubt, that Rice committed attempted felonious assault. Further, the evidence in the record does not demonstrate that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.

**{¶24}** Appellant's second assignment of error is overruled.

### III.

**{¶25}** In the final proposed assignment of error, appellant's counsel examines whether the trial court erred in sentencing Rice and concludes that there is no merit to that argument.

**{¶26}** Rice was convicted of Attempted Felonious Assault, in violation of R.C. 2923.02(A) and 2903.11(A), a felony of the third degree and Domestic Violence, in violation of R.C. 2919.25(A) a misdemeanor of the first degree. The maximum prison term for a felony of the third degree is sixty months and for a first degree misdemeanor the maximum term is one hundred eighty days.  The trial court, after considering "the record, oral statements of counsel and the Defendant, any victim impact statement, and any presentence investigation report prepared by the Delaware County Office of Adult Court Services, as well as the principles and purposes of sentencing under R.C. 2929.11" after balancing the seriousness and recidivism factors under R.C. 2929.12" ordered that Rice serve a prison term of twenty-four months for attempted felonious assault and one

hundred eighty days for domestic violence and further ordered that the sentences were to run concurrently. No fine was imposed.

**{¶27}** R.C. 2953.08 governs appeals claiming a violation of felony sentencing guidelines. Subsection (G)(2) describes this court's standard of review:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

That the sentence is otherwise contrary to law.

**{¶28}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris,* 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-

03-026, 2019-Ohio-4209, ¶ 36. We have reviewed the record and found that the trial court fulfilled those requirements as it imposed the sentence, so we find no error.

{¶29} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Delaware County Court of Common Pleas.

By: Baldwin, J.

Wise, Earle, P.J. and

Gwin, J. concur.