[Cite as *State v. Gist*, 2014-Ohio-3274.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-12-1355

    Appellee                                      Trial Court No. CR0201201678

v.

Lamontie E. Gist                                      **DECISION AND JUDGMENT**

    Appellant                                     Decided:  July 25, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Jennifer Liptack-Wilson, Assistant Prosecuting Attorney,
for appellee.

James J. Popil, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1}  Lamontie E. Gist appeals a December 6, 2012 judgment of the Lucas

County Court of Common Pleas convicting him of possession of cocaine, a violation of

R.C. 2925.11(A) and (C)(4)(a), a fifth degree felony, and having weapons while under

disability, a violation of R.C. 2923.13(A)(3) and third degree felony. The convictions are based on guilty verdicts returned by a jury at trial in October 2012. The jury also returned a not guilty verdict on a charge of trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(a), a fifth degree felony.

{¶ 2} In November 2011, the Vice Narcotics Unit of the Toledo Police Department conducted an investigation of reported sales of crack cocaine or cocaine out of apartment No. 204, 2115 Collingwood Boulevard in Toledo, Ohio. Using a confidential informant, the Vice Narcotics Unit secured a controlled buy of crack cocaine at the residence on November 28, 2011 and, afterwards, secured a no-knock search warrant to search the premises.

{¶ 3} Members of the Toledo Police Vice Narcotics Unit and a Toledo Police SWAT (Special Weapons and Tactics) team together conducted the search on November 29, 2011. The SWAT team entered the apartment first and secured the area. Members of the Vice Narcotics Unit followed and conducted the search. Appellant was present in the apartment at the time of the search.

{¶ 4} Officer Paul Marchyok of the Toledo Police Department testified at trial that he was the first SWAT team member through the door. Officer Marchyok testified that he saw appellant rising from a chair in the living room and then going to the floor. Detective Shawn Mohler of the Vice Narcotics Unit testified that he found what appeared to be crack cocaine in a plastic bag located on the floor near the front left leg of the chair

2.

where appellant had been. A lab report, admitted in evidence at trial, disclosed that the bag contained an off-white rock material consisting of 3.17 grams of cocaine.

{¶ 5} Detective Eric Sweat was the lead detective on the narcotics investigation. Detective Sweat testified that he found a loaded .45 caliber gun on a TV stand on a table in the living room near appellant. A lab report from the Toledo Police Regional Crime Laboratory was admitted into evidence at trial. The report identified the weapon as a Para-Ordnance Model P13-45 caliber pistol. The report also stated that the pistol was test fired and determined to be operable.

{¶ 6} Three individuals were found in the apartment at the time of the search: appellant, Jackie Green, and Darrell Bell. Appellant was in the living room. Green was in the kitchen. Bell was in a bedroom. Appellant does not dispute that he was sitting in a recliner chair in the living room when the search was conducted or that a bag containing 3.17 grams of cocaine was found by police near the recliner during the search.

{¶ 7} Sergeant Miller of the Vice Narcotics Unit testified that he searched appellant and discovered cash on him of $370. He testified that the typical sale amount for crack cocaine is $20. According to Sergeant Miller, the cash was significant, not for the amount of cash, but for the denominations of the bills. The cash included six $20 bills, nine $10s, and 11 $5s.

{¶ 8} Appellant asserts two assignments of error on appeal:

1. The convictions against appellant Lamontie E. Gist were against the manifest weight of the evidence.

3.

2. The convictions against appellant Lamontie E. Gist were not supported by the sufficiency of the evidence.

{¶ 9} In challenging his convictions, appellant relies on the testimony of Jackie Green. Green testified that appellant had been at the apartment only 3-4 minutes when police arrived and that the drugs found by police did not belong to appellant. According to Green, Darrell Bell purchased the drugs and Bell shared them with him. Green also testified that Bell placed the gun on the top shelf of the TV stand earlier that afternoon.

{¶ 10} Jackie Green testified that he and appellant have been friends for years. Evidence at trial included evidence of prior felony convictions of Green. To establish an element of the having weapons while under disability charge against appellant, the state submitted into evidence at trial a 2001 judgment of conviction of appellant on two felony offenses: (1) attempted possession of marijuana, a violation of R.C. 2923.02(A) and 2925.11(A)(C)(3)(d) and a fourth degree felony, and (2) carrying a concealed weapon, a violation of R.C. 2923.12 and a fourth degree felony.

{¶ 11} We consider appellant's challenge to his convictions on sufficiency of the evidence grounds first.

**Sufficiency of the Evidence**

{¶ 12} Sufficiency of the evidence is "'that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support a jury verdict as a matter of law.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), quoting Black's Law Dictionary (6 Ed.1990)

4.

1433.  In *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), the Ohio Supreme Court outlined the analysis required to apply this standard:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)  *Id.* at paragraph two of the syllabus.

Sufficiency of the evidence is purely a question of law. *Thompkins* at 386.

### Possession of Cocaine

{¶ 13} Appellant challenges both convictions on sufficiency of the evidence grounds.  Appellant was convicted of possession of cocaine in violation of R.C 2925.11(A) and (C)(4)(a), a fifth degree felony.  R.C. 2925.11(A) states:  "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."  R.C. 2925.11(C)(4) applies where the possessed drug is cocaine.

{¶ 14} Appellant contends that the evidence at trial was insufficient to prove the "knowingly" and "possession" elements of R.C. 2925.11(A).  Appellant argues that there was no evidence offered at trial to suggest that the cocaine seized by police was his.

5.

**{¶ 15}** Possession may be actual or constructive. *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976). To establish constructive possession of the drugs, the state must establish that the defendant was able to exercise dominion and control over them. *Id.*; *State v. Durr*, 6th Dist. Sandusky No. S-97-056, 2000 WL 1033033, \*4 (July 28, 2000). Evidence that a defendant was located in very close proximity to readily usable drugs may constitute circumstantial evidence to support a finding of constructive possession. *State v. Rutledge*, 6th Dist. Lucas No. L-12-1043, 2013-Ohio-1482, ¶ 11; *Durr* at \*4; *State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714, ¶ 50.

**{¶ 16}** "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Whether a person knowingly possessed a controlled substance is to be "determined from all the attendant facts and circumstances." *State v. Teamer*, 82 Ohio St.3d 490, 492, 696 N.E.2d 1049 (1998).

**{¶ 17}** The testimony of Officer Marchyok and Detective Mohler together, if taken as true, establish that when police stormed through the door of the apartment, appellant was seen rising from a chair in the living room where crack cocaine was found. The cocaine was found in a plastic baggie at the foot of the chair. At that time appellant was alone in the living room.

**{¶ 18}** Viewing the evidence most favorably to the prosecution, we conclude that a rational trier of fact could have found that appellant knowingly constructively possessed

6.

the 3.17 gram bag of crack cocaine that was found in the living room. Accordingly, we conclude there was sufficient evidence to support appellant's conviction for possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(a).

## Having Weapons While Under Disability

{¶ 19} Appellant contends that his conviction for having weapons while under disability, a violation of R.C. 2923.13(A)(3) is also not supported by sufficient evidence. Appellant argues that evidence was lacking demonstrating that he had knowledge of the gun or that he possessed or had constructive possession of it.

{¶ 20} R.C. 2923.13(A)(3) provides:

2923.13 Having weapons while under disability

(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

* * *

(3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

7.

{¶ 21} Appellant argues that the evidence at trial was insufficient to establish that he knowingly possessed the .45 caliber handgun. Appellant contends there was no evidence that he had knowledge of the gun or that he possessed or constructively possessed the weapon.

{¶ 22} Constructive possession can be sufficient to support a conviction of having weapons under disability. *State v. Munn*, 6th Dist. Lucas No. L-08-1363, 2009-Ohio-5879, ¶ 47-48; *State v. Hardy*, 60 Ohio App.2d 325, 327, 397 N.E.2d 773 (8th Dist.1978). Viewing the evidence most favorably to the prosecution, we conclude that any rational trier of fact could have found that appellant was aware of the presence of the weapon and had immediate access to it. The weapon was near where appellant was sitting and where the bag of cocaine was located. If appellant had played video games as contended by Jackie Green, appellant would also have been looking at the television and the TV stand where the gun had been placed. We conclude there was sufficient evidence to support appellant's conviction for having weapons while under disability, a violation of R.C. 2923.13(A)(3).

{¶ 23} We find assignment of error No. 2 not well-taken.

### Manifest Weight of the Evidence

{¶ 24} Under assignment of error No. 1, appellant challenges both convictions, asserting that the jury verdicts on which they are based are against the manifest weight of the evidence.

8.

{¶ 25} Where it is claimed that a verdict is against the manifest weight of the evidence, an appellate court acts as a "thirteenth juror," weighs the evidence, and may disagree with a factfinder's conclusions on conflicting testimony. *Thompkins,* 78 Ohio St.3d. at 387, 678 N.E.2d 541; *State v. Lee,* 6th Dist. No. L-06-1384, 2008-Ohio-253, ¶ 12:

> The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and new trial ordered. *Thompkins* at 387, 678 N.E.2d 541, quoting with approval, *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶ 26} Reversals on this ground are granted "only in the exceptional case in which the evidence weighs heavily against conviction." *Id.* "There is a presumption that the findings of the trier-of-fact were indeed correct." *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Fundamental to the analysis is that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

9.

{¶ 27} With respect to the possession of cocaine conviction, appellant contends that the verdict is against the manifest weight of the evidence because there was no evidence that the cocaine belonged to him and because appellant had been in the apartment only for a few minutes. However, the undisputed evidence places a 3.17 gram bag of rock cocaine at the chair where appellant had been sitting when police arrived. The drugs were in easy reach of appellant. It is not necessary for the state to prove appellant owned the drugs to prove constructive possession. *State v. Cortez*, 6th Dist. Lucas No. L-05-1112, 2007-Ohio-96, ¶ 25.

{¶ 28} We defer to the factfinder in its determination of the credibility of Jackie Green's testimony that appellant neither owned or possessed the drugs. As the cocaine was found at the foot of his chair, under the totality of the circumstances a rational trier of fact could reasonably find that appellant had knowledge of the presence of the drugs and constructive, if not actual, possession of them.

{¶ 29} We find appellant's contention that his conviction for possession of cocaine is against the manifest weight of the evidence is without merit.

{¶ 30} With respect to having a weapon under disability charge, appellant argues that the testimony of Jackie Green demonstrated that he had no knowledge that a gun was present in the apartment. Green testified that the gun belonged to Darrell Bell and that Bell placed the weapon on the TV stand that afternoon. Further appellant contends that the evidence demonstrated that the gun was outside his immediate reach.

10.

{¶ 31} In our view, a factfinder could reasonably find that appellant was aware of the presence of the gun and had immediate access to it. The evidence was clear that the living room was small. Both Detective Sweat and Jackie Green testified that the handgun was found on a shelf of the TV stand in the room. The television was near the recliner chair where appellant had been sitting and where the drugs were found. Appellant would be looking in the direction of the TV when playing video games.

{¶ 32} There was evidence at trial that Bell was frail, unsteady on his feet, and could barely walk. He was assisted in walking by police. Given his physical condition, a trier of fact might find it implausible to believe that Bell placed the weapon in the living room to use himself.

{¶ 33} We find competent credible evidence in the record supports the jury verdict finding appellant guilty of having a weapon while under a disability. We conclude that appellant's contention that the verdict is against the manifest weight of the evidence is without merit.

{¶ 34} We find assignment of error No. 1 not well-taken.

{¶ 35} We affirm the judgment of the Lucas County Court of Common Pleas. We order appellant to pay the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                                                            JUDGE

Arlene Singer, J.

                                       _____
Stephen A. Yarbrough, P.J.                   JUDGE
CONCUR.

                                       _____
                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.